UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA LINTZERIS, ZARON JOSSELL, and CLARENCE DANIELS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>Defendants. | No. 16 CV 09154<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs bring a putative class action against the City of Chicago and city officials to challenge the imposition of administrative penalties on impounded vehicle owners under Chicago municipal code. Defendants move to dismiss for failure to state a claim. For the following reasons, the motion is granted.

**I. Legal Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but need not accept legal conclusions or conclusory allegations. *Id.* at 678–79.

**II. Background**

Plaintiffs Rita Lintzeris, Zaron Jossell, and Clarence Daniels each had their car impounded by the City of Chicago and were required to pay administrative

penalties ranging between $2,000 and $4,000 in order to reclaim their vehicles. In April 2016, Lintzeris's son borrowed her car, was involved in an accident, and was arrested by Chicago police offers for allegedly driving while intoxicated and possessing drugs. The police seized and impounded Lintzeris's car, pursuant to the Municipal Code of Chicago § 2-14-132 (the City's impoundment ordinance).[1] The ordinance authorizes seizure and impoundment of vehicles for vehicle-related violations of Chicago ordinances. MCC § 2-14-132(a)(1); [24] ¶ 34. The impoundment ordinance also imposes an administrative penalty on the owner of an impounded vehicle because it was used in a vehicle-related violation. MCC § 2-14-132(a)(1); [24] ¶ 33. The amount of the administrative penalty varies depending on the underlying violation. MCC § 2-14-132(a)(1).

About two days after the accident, Lintzeris paid the City $4,210 to reclaim her car, including $4,000 in administrative penalties, $150 for towing, and $60 for two days of storage. Four months later, Lintzeris appeared at an administrative hearing to contest the administrative penalty. Her counsel argued that the impoundment ordinance was facially invalid because it violated 625 ILCS 5/11-208.7 of the Illinois Motor Vehicle Code (enacted in 2012) and required a vehicle owner to pay a fine. (625 ILCS 5/11-208.7 provides rules regarding fees and municipal ordinances covering the impoundment of vehicles.) The presiding administrative law judge advised that he could not consider counsel's arguments

---

[1] The text of § 2-14-132 is on the docket at [31-1]. Bracketed numbers refer to entries on the district court docket.

because under MCC § 2-14-132 and the City's Department of Administrative Hearings, a vehicle owner could present only certain defenses to impoundment: (1) the vehicle was stolen and the theft timely reported to law enforcement, (2) the vehicle was operating as a common carrier and the violation occurred without the knowledge of the person in control of the vehicle, or (3) the vehicle had been donated, traded-in, or sold to another person prior to the violation.

In August 2016, Jossell was driving and arrested for allegedly possessing drugs. His vehicle was seized and impounded. About five days later, he paid $2,250 to reclaim his car, including a $2,000 administrative penalty, $150 for towing, and a $100 storage fee. At his administrative hearing two months later, Jossell was represented by counsel, who attempted to challenge the ordinance for the same reasons as Lintzeris but was not successful. In December 2016, Daniels was arrested for allegedly driving while intoxicated, and his car was seized and impounded. He needed to pay an administrative penalty of $2,000 to reclaim his car, but he did not have the funds and never reclaimed his car. Daniel alleges that he was not given notice of the date, time, or location of his administrative hearing and that a default judgment was entered against him by the City's Department of Administrative Hearings.

Plaintiffs brought this putative class action on behalf of themselves and a purported class of people who paid administrative penalties under the City's impoundment ordinance, MCC § 2-14-132. [1]. Defendants moved to dismiss, [13], and the plaintiffs responded by amending their complaint to include Daniels as a

named plaintiff and additional state-law counts. [21]; [24]. Plaintiffs sue the City of Chicago, the City's Commissioner for the Department of Streets and Sanitation, the Director of the Department of Administrative Hearings, and the Superintendent of the Chicago Police Department in their official capacities, challenging the impoundment ordinance under the Fourth Amendment (Count I), the Fourteenth Amendment Due Process Clause (Count II), and the Illinois Constitution's Due Process Clause (Count III). The plaintiffs also bring state-law counts for declaratory judgment, injunctive relief, unjust enrichment and restitution, constructive trust, conversion, and conspiracy (Counts IV though IX). Defendants move to dismiss all claims.

### III. Analysis

#### A. Fourth Amendment Claim

Plaintiffs bring a Fourth Amendment claim under 42 U.S.C. § 1983, alleging that every impoundment under MCC § 2-14-132 constitutes a per se unreasonable seizure and that the ordinance exceeds the legal authority granted to the City by the state of Illinois and under the U.S. Constitution. Defendants seek dismissal of this claim, asserting that impoundment under the ordinance is not an "unreasonable" seizure under the Fourth Amendment and that the plaintiffs cannot base a Fourth Amendment challenge on an alleged state-law violation.

Plaintiffs mount a facial challenge under the Fourth Amendment, meaning that they assume the burden of establishing that the impoundment ordinance is

4

unconstitutional in all of its applications.[2] *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (citing *City of Los Angeles v. Patel*, ⎯⎯ U.S. ⎯⎯, 135 S.Ct. 2443, 2451 (2015)). These challenges are the most difficult to mount successfully, and the proper inquiry under this exacting standard should be only on applications of the statute in which it actually authorizes or prohibits conduct. *Id.* (citing *Patel*, 135 S.Ct. at 2449, 2451). The Fourth Amendment protects against "unreasonable" searches and seizures, and warrantless seizures are generally unreasonable, although there are exceptions. *Id.* at 739 (citing *Illinois v. McArthur*, 531 U.S. 326, 330 (2001)).

In *Bell v. City of Chicago*, 835 F.3d 736 (7th Cir. 2016), the Seventh Circuit upheld the City's impoundment ordinance against a facial challenge based on the Fourth Amendment. When plaintiffs bring a facial challenge, the plaintiffs must demonstrate that the ordinance is unconstitutional in *all* its actual applications. *Id.* at 739 (citing *Patel*, 135 S.Ct. at 2451). *Bell* held that the plaintiff failed to state a facial challenge under the Fourth Amendment because MCC § 7-24-225—one of the vehicle-related violation ordinances associated with the general impoundment ordinance, § 2-14-132—requires the officer seizing the vehicle without a warrant to have probable cause to believe the vehicle has illegal drugs in it or has been used in an illegal drug transaction. *Id.* at 740. More generally as relevant here, the impoundment ordinance requires the police to have probable cause that an

---

[2] Plaintiffs also challenge related ordinances (*see* [24] ¶¶ 2, 33–34), but § 2-14-132 is the nucleus of the dispute.

5

enumerated offense (in which the vehicle was used in an illegal manner or in connection with an illegal act) occurred. *Id*. at 739. In these circumstances, there was no difference between the warrantless seizures authorized by the ordinance and those permitted by the Supreme Court, and therefore seizures authorized by § 2-14-132 were not facially invalid. *Id*. at 740. Just as the plaintiffs in *Bell* failed to establish a facial challenge to § 2-14-132, here the plaintiffs have failed to demonstrate that the ordinance is "is unconstitutional in all its actual applications, including its application to them." *Id*. The plaintiffs' disjointed arguments about the extent of probable cause required for vehicle stops versus vehicle seizures do not address the Seventh Circuit's analysis in *Bell* and miss the Fourth Amendment issue at hand, which is whether the warrantless vehicle seizures authorized under Chicago impoundment ordinances are unreasonable in all their applications.

The plaintiffs' main argument is that any seizure under the impoundment ordinance is per se unreasonable because the ordinance is void—according to the plaintiffs, the impoundment ordinance exceeds the city's home rule authority under Illinois law (specifically 625 ILCS 5/11-208.7). But whether the city ordinance violates Illinois state law is irrelevant to the plaintiffs' Fourth Amendment claim, which addresses only whether a warrantless vehicle seizure is reasonable under federal Fourth Amendment jurisprudence. "[I]t is not the province of the Fourth Amendment to enforce state law." *Virginia v. Moore*, 553 U.S. 164, 178 (2008); *see Sibron v. New York*, 392 U.S. 40, 61 (1968) ("The question in this Court upon review of a state-approved search or seizure 'is not whether the search (or seizure) was

6

authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment. Just as a search authorized by state law may be an unreasonable one under that amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one.'") (quoting *Cooper v. California*, 386 U.S. 58, 61 (1967)). A vehicle seizure supported by probable cause to believe an offense involving the vehicle occurred is constitutionally reasonable even if state law did not authorize the seizure.

Moreover, the plaintiffs' objection to the City's imposition of administrative penalties is not a Fourth Amendment issue about whether, at the time of seizure, warrantless seizure of their vehicles was reasonable. Complaints about the return of property, lawfully seized, do not implicate the Fourth Amendment. *Lee v. City of Chicago*, 330 F.3d 456, 465–66 (7th Cir. 2003). The plaintiffs' focus on administrative penalties relates more to post-seizure proceedings. *See Bell*, 835 F.3d at 741 ("Plaintiffs cannot explain how their challenge to the post-seizure procedure process implicates the Fourth Amendment, as the seizure in Plaintiffs' case and all others under the Ordinances is complete when the officer or agent seizes and impounds the vehicle."); *Lee*, 330 F.3d at 466 (The Fourth Amendment "cannot be invoked by the dispossessed owner to regain his property.").

The plaintiffs have failed to state a Fourth Amendment facial challenge to the impoundment ordinances. Count I is dismissed.

**B.      Procedural Due Process Claim**

The plaintiffs also bring a Fourteenth Amendment Due Process claim under § 1983, alleging that the City's administrative law judges will only hear three

7

limited defenses to the impoundment ordinance, foreclosing plaintiffs' constitutional and state-law arguments. Plaintiffs also argue that the ordinance's notice provision does not meet notice requirements under Illinois Motor Vehicle Code. Defendants contend that the ordinance's limit on available defenses does not violate due process and that the plaintiffs cannot premise a federal due process claim solely on an alleged violation of state law.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural due process claim for violation of a property right, the plaintiffs must allege that they were deprived of a cognizable property interest without due process of law. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). The parties tacitly agree that the plaintiffs have a constitutionally protected property interest in their vehicles.[3] *See, e.g., Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982) ("Since a person's car is property, the state may not deprive him of it without due process of law; and the deprivation need not be permanent to be actionable."). The question here, then, is whether the plaintiffs have sufficiently alleged that the City deprived them of that property interest without "constitutionally sufficient procedural protections." *Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990).

---

[3] The complaint refers to the plaintiffs' "liberty" interest in their automobiles, but the City's seizure and retention of their cars implicates a property interest, not a liberty interest. *See, e.g., Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 572, 577 (1972) (distinguishing liberty and property interests).

8

Under the impoundment ordinance, after a vehicle has been impounded, the owner has 15 days to request a preliminary hearing from the City's Department of Administrative Hearings. MCC § 2-14-132(a)(1). That preliminary hearing must be conducted by an administrative law officer within 48 hours of the request (excluding weekends and holidays). *Id.* If the administrative law officer determines that there is probable cause to believe that the vehicle was used in one of the enumerated code violations for which seizure and impoundment applies, the impoundment continues unless the owner pays the requisite administrative penalty for the violation, plus towing and storage fees and any outstanding traffic debts to the city. MCC §§ 2-14-132(a)(1)–(2). If the officer determines there is no probable cause, the vehicle is release without the administrative penalty or fees. MCC § 2-14-132(a)(3).

Within 10 days of the impoundment, the City is required to notify the owner (by certified mail) of the owner's right to a full hearing within 30 days to challenge the impoundment. MCC § 2-14-132(b)(1). At that hearing (also before an administrative law officer), the City must show by a preponderance of the evidence that the vehicle was used in the violation. MCC §§ 2-14-132(b)(1), (3). If the City does not meet its burden, the vehicle is returned and any penalties or fees refunded. MCC § 2-14-132(b)(3). If the City meets this burden, then the administrative law officer enters an order finding the owner liable for the prescribed administrative penalty, plus storage and fees. MCC § 2-14-132(b)(3)(A). The vehicle is released upon payment of the administrative penalty, fees, and other traffic debts. MCC § 2-14-132(c)(1)(A). If the owner does not pay the amount owed or does not request

judicial review within 10 days after entry of the order, the City may sell the vehicle to satisfy the debt. MCC §§ 2-14-132(c)(1), (d). A default judgment is entered against an owner who fails to request or attend a hearing, but an owner may petition to set aside the default if the owner establishes that they were not provided with proper service of process. MCC §§ 2-14-108(a), 2-14-132(b)(4).

During either the preliminary hearing or the full hearing, a vehicle owner may assert the following defenses to the impoundment: (1) the vehicle used in the violation had been stolen at the time (and the theft was reported to police within 24 hours); (2) the vehicle had been operating as a common carrier and the violation occurred without knowledge of the person controlling the vehicle; or (3) the vehicle was sold to another person prior to the violation. MCC § 2-14-132(h). The municipal code also provides for judicial review of administrative hearings. *See* MCC § 12-14-102 ("Any final decision by the department of administrative hearings that a code violation does or does not exist shall constitute a final determination for purposes of judicial review and shall be subject to review under the Illinois Administrative Review Law.").

Defendants argue that when the City defines illegal conduct, it has the right to define the defenses to that conduct and that the violation of a state law, alone, cannot be the basis for a federal procedural due process claim. The plaintiffs object that the City has denied them due process by limiting owners to the three enumerated defenses to impoundment, without hearing their argument that the impoundment ordinance violates due process and Illinois law, specifically 625 ILCS

10

5/11-208.3(b)(2) and 208.7. But even if the administrative judge had agreed with plaintiffs that the ordinance was void, the City's Department of Administrative Hearings had no authority to question its validity. *See Texaco-Cities Serv. Pipeline Co. v. McGaw*, 182 Ill.2d 262, 278 (1998) ("[A]dministrative agencies lack the authority to invalidate a statute on constitutional grounds or even to question its validity.").

The plaintiffs' state-law arguments are also misplaced. The requirement of due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The basic rights guaranteed by procedural due process are notice of the intended deprivation and an opportunity to be heard, although more elaborate procedural rights such as the right to present evidence, confront witnesses, and be represented by counsel may apply in cases where vital private interests are at risk. *Simpson v. Brown Cty.*, 860 F.3d 1001, 1006 (7th Cir. 2017) (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). To determine what process is due, courts evaluate procedural safeguards under the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 335, (1976), which requires weighing: (1) the private interest at stake, (2) the risk of erroneous deprivation and the value of any additional procedural safeguards, and (3) the government's countervailing interests. Here, the plaintiffs have entirely failed to develop any argument that the procedural safeguards under the City's ordinance (including the opportunity for judicial review) are insufficient due process protections for

impoundment and any corresponding administrative penalties.[4] Instead, the plaintiffs emphasize that the City ordinance violated Illinois law. Even assuming that the City ordinance violates Illinois law (an issue that I do not reach), that allegation is insufficient to state a federal due process claim. "[A] unit of state or local government does not violate the federal Constitution just because it violates a state or local law." *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002); *see Colon*, 899 F.2d at 672 (dismissing procedural due process claim based on plaintiff's theory that state actor violated state law).

The plaintiffs have failed to argue or allege how the ordinance violated federal due process requirements, instead premising their due process claim on the ordinance's failure to comply with Illinois law. The plaintiffs have failed to state a due process claim, and Count II is dismissed.

### C. State-Law Claims

The plaintiffs' federal claims (Counts I and II) are dismissed, and there is no diversity jurisdiction over the plaintiffs' remaining state-law claims (Counts III–IX). This case is in its initial stages, and there is no reason not to follow the presumption

---

[4] Daniels alleges that he did not receive notice of an administrative hearing. Because the City impoundment ordinance requires notice and a hearing, Daniels' failure to receive notice is the result of a government actor's alleged "random and unauthorized" conduct. *See, e.g., Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). When a deprivation results from the random and unauthorized conduct of a government actor and state-law remedies exist, a plaintiff must either avail himself of state-law remedies or demonstrate that they are inadequate. *Id*. Daniels has failed to allege that he petitioned to set aside the order of default or that he sought judicial review of that decision in Illinois courts. *See* MCC §§ 12-14-102, 2-14-108(a), 2-14-132(b)(4). Daniels therefore has failed to state a due process claim based on his failure to receive notice.

that federal courts will relinquish jurisdiction over supplemental state-law claims. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012).

## IV. Conclusion

Defendants' motion to dismiss, [30], is granted. Plaintiffs have amended the complaint once in response to a motion to dismiss, and, as a result, there is no reason to believe that an amended complaint would cure the defects in plaintiffs' federal theories. The federal claims are dismissed with prejudice, and the state-law claims are dismissed without prejudice. Enter judgment and terminate civil case.

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: August 3, 2017